UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMONNIE ANDREWS,

    Petitioner,

v.                                        Case No. 3:17-cv-1196-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Jamonnie Andrews, an inmate of the Florida penal system, initiated this action on October 19, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). Andrews is proceeding on a second amended petition (Second Amended Petition; Doc. 14). In the Second Amended Petition, Andrews challenges a 2009 state court (Duval County, Florida) judgment of conviction for second-degree murder. Andrews raises one ground for relief. See Second Amended Petition at 5, 16.[2] Respondents have submitted an answer in opposition to the Second Amended Petition. See Respondents' Answer to Second Amended Petition for Writ of Habeas

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Corpus (Response; Doc. 26) with exhibits (Resp. Ex.). Andrews declined to file a brief in reply.[3] This case is ripe for review.

## II. Relevant Procedural History

On July 29, 2008, the State of Florida (State) charged Andrews by way of Information with second-degree murder. Resp. Ex. B1 at 11. On March 30, 2009, Andrews entered a negotiated guilty plea. Id. at 54-55. That same day, the circuit court sentenced Andrews pursuant to the plea agreement to a term of incarceration of twenty-six years in prison, with a twenty-six year minimum mandatory. Id. at 57-62. Andrews appealed his judgment and sentence to Florida's First District Court of Appeal (First DCA). Id. at 71. Andrews' appellate counsel filed an Anders[4] brief. Resp. Ex. B2. Andrews did not file a pro se initial brief and the State did not file an answer brief. Resp. Ex. B4. On December 10, 2009, the First DCA per curiam affirmed Andrews' conviction and sentence without issuing a written opinion, Resp. Ex. B5, and issued the Mandate on January 5, 2010. Resp. Ex. B6.

On March 19, 2010, Andrews filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that his attorney coerced him to enter the guilty plea. Ex. H1. On May 10, 2013, Andrews filed an amended Rule 3.850 motion, in which he supplemented his first claim and added a second claim, asserting his plea was involuntary because counsel misadvised him. Ex. H3. The circuit court struck the second claim but afforded Andrews the opportunity to refile, Resp. Ex. H4, which he did via a second amended Rule 3.850 motion. Resp. Ex. H5. On February

---

[3] The Court gave Andrews notice that if he failed to file a reply brief, the Court would consider the Second Amended Petition ripe. See Order; Doc. 39.

[4] Anders v. California, 386 U.S. 738 (1967).

2

17, 2016, the circuit court denied the motion. Resp. Ex. H7. The First DCA affirmed the denial of relief. Resp. Ex. A.

On April 8, 2016, Andrews filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (Rule 3.800(a) Motion). Resp. Ex. C1. In the Rule 3.800(a) Motion, he argued the circuit court illegally applied reclassification and minimum mandatory sanctions when imposing his sentence. Id. at 1-5. The circuit court denied relief on July 7, 2016. Id. at 19-21. Andrews moved for rehearing, id. at 50-54, which the circuit court denied on August 1, 2016. Id. at 56-57. On January 31, 2017, the First DCA per curiam affirmed the denial of relief without issuing a written opinion. Resp. Ex. C2. Andrews moved for rehearing, Resp. Ex. C3, which the First DCA denied on March 9, 2017. Resp. Ex. C4. The First DCA issued the Mandate on March 27, 2017. Resp. Ex. C5.

On July 31, 2017, Andrews filed another motion for postconviction relief pursuant to Rule 3.850. Resp. Ex. G1. In it, he argued his guilty plea was involuntary because he did not agree to his charge being reclassified as a life felony or to the imposition of a minimum mandatory sentence. Id. On October 10, 2017, the circuit court denied the motion. Resp. Ex. G2.

### III. One-Year Limitations Period

This action was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d

1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Andrews'] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

4

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct.

5

> 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[5] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster,

---

[5] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

### B. Exhaustion/Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state
> prisoner must exhaust available state remedies, 28 U.S.C. §

7

> 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[6] supra, at 747–748, 111 S. Ct. 2546; Sykes,[7] supra, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and

---

[6] Coleman v. Thompson, 501 U.S. 722 (1991).
[7] Wainwright v. Sykes, 433 U.S. 72 (1977).

8

> prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[8] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S. Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof

---

[8] Murray v. Carrier, 477 U.S. 478 (1986).

9

> of actual innocence, not just legal innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

## VI. Findings of Fact and Conclusions of Law

Andrews alleges that his sentence is illegal because the circuit court improperly reclassified his charge from a first-degree felony to a life felony and erred in imposing a twenty-six-year minimum mandatory sentence. Second Amended Petition at 5, 16. According to Andrews, section 775.087, Florida Statutes requires a jury to find that a defendant actually possessed a firearm during the commission of the offense before a court can reclassify an offense or impose a minimum mandatory sentence. Id. Andrews maintains that he never admitted he was in actual possession of a firearm and the facts he admitted during the plea colloquy only support a thirty-year maximum sentence. Id. As such, Andrews contends that the circuit court violated his constitutional right to have a jury determine the facts essential to the imposition of his sentence. Id. at 16.

Respondents contend that Andrews failed to exhaust this claim. Response at 9-14. Respondents acknowledge Andrews raised a similar claim in his Rule 3.800(a) Motion; however, they maintain that Andrews did not allege in his state court proceedings

10

that his constitutional right to have a jury determine facts was violated. Id. at 10-11. Instead, Respondents aver that Andrews alleged in his Rule 3.800(a) Motion that his sentence violated the Due Process Clause and the Eighth Amendment's prohibition against cruel and unusual punishment. Id. at 11. Therefore, Respondents argue that Andrews failed to exhaust the constitutional claim he raises in the Second Amended Petition. Id. Respondents also assert that the claim that a jury failed to make a finding that Andrews actually possessed a firearm is unexhausted because Andrews did not fairly present it to the state court because he only cited federal principles in the title of his state court claim and the wherefore paragraph of the motion. Id. at 11-12. As to the Andrews' claim concerning the imposition of a minimum mandatory sentence, Respondents contend this claim is not cognizable in a federal habeas petition because it is a matter of state law only. Id. at 14.

Here, the record reflects that Andrews alleged a "fundamental constitutional error" in the title of his claim in his Rule 3.800(a) Motion. Resp. Ex. C1 at 1-2. Similarly, in the "wherefore" clause of his motion, Andrews alleged that a failure to correct his sentence "would constitute cruel and unusual punishment and a manifest injustice, contrary to the constitutional guarantees of due process of law under the 6th and 14th Amendment[s] of the United States Constitution." Id. at 5. However, Andrews relied solely on Florida state law when he made his actual argument in the body of the motion. Id. at 2-5. Notably, in denying relief, the circuit court also relied solely on Florida law. Id. at 19-21. The Court finds that Andrews' lone mention of the Sixth and Fourteenth Amendment did not fairly present this claim to the state court to allow it a meaningful opportunity to review any federal constitutional claim as alleged in the Second Amended Petition. See McNair v.

11

Campbell, 416 F.3d 1291, 1303-04 (11th Cir. 2005) (citing a single federal case and a brief mention of federal constitutional provisions in a brief, are the types of "needles in the haystack" that do not satisfy the exhaustion requirement). Andrews has neither alleged cause and prejudice nor has he made a claim of actual innocence to overcome this procedural default. As such, this claim is due to be denied as unexhausted.

Nevertheless, even if properly exhausted this claim is without merit. Any fact that increases the punishment for a crime beyond the maximum which is allowed in a statute must be submitted to a jury and proved beyond a reasonable doubt or admitted to by the defendant. Blakely v. Washington, 542 U.S. 296 (2004); Apprendi v. New Jersey, 530 U.S. 466 (2000). During the plea colloquy, the circuit court announced the terms of the plea, including the term of incarceration of twenty-six years in prison with a twenty-six-year minimum mandatory, and Andrews acknowledged that he understood these to be the terms of his negotiated sentence. Resp. Ex. B1 at 87-88. Additionally, the prosecutor stated the factual basis for the charge on the record, which included allegations that Andrews shot a firearm seven times at the victim's car, one of which killed the victim. Id. at 93. Andrews' attorney had no objections to the prosecutor's version of the factual basis. Id. By not objecting to the factual basis presented, which included allegations that Andrews actually possessed and discharged a firearm, Andrews admitted these facts for purposes of his plea and, therefore, his sentence does not run afoul of Blakely or Apprendi. See Smith v. State, 174 So. 3d 1025, 1028 (Fla. 2d DCA 2015) ("By entering a plea to the offenses upon which departure was based and by raising no objection to the factual bases, the defendant necessarily admitted the ground for this particular reason for departure."); Dixon v. State, 76 So. 3d 351, 352-53 (Fla. 3d DCA 2011) (affirming denial

of Apprendi challenge where the record reflected a stipulation to a factual basis). Accordingly, the circuit court did not err in applying section 775.087 to reclassify the degree of Andrew' felony offense or in imposing the minimum mandatory sentence. In light of the above analysis, Andrews is not entitled to relief and his Second Amended Petition is due to be denied.

## VII. Certificate of Appealability

## Pursuant to 28 U.S.C. § 2253(c)(1)

If Andrews seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Andrews "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Second Amended Petition (Doc. 14) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Second Amended Petition and dismissing this case with prejudice.

3. If Andrews appeals the denial of the Second Amended Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Jamonnie Andrews #131345
   Michael McDermott, Esq.